```
 1  Daniel Markoff, Esq.
    Nevada Bar No. 000321
 2  Law Office of Daniel Markoff
    820 S. 7th Street, Suite A
 3  Las Vegas, Nevada  89101
    Phone: (702) 383-3327
 4  Fax: (702) 383-6893
    Attorney for Movant
 5  Douglas P. Thiriot
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | ) | 2:11-CR-00316-GMV-CWH |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | MOTION TO SET ASIDE FORFEITURE FOR FAILURE TO GIVE PROPER NOTICE |
| DAVID THIRIOT, | ) | |
| Defendant. | ) | |

Certification: This undersigned counsel hereby certifies that this motion is timely filed.

COMES NOW Movant Douglas P. Thiriot, by and through his attorney Daniel Markoff, Esq., and moves this Court for an Order setting aside the forfeiture of a certain Colt 1911 A1 pistol. This Court entered a Final Order of Forfeiture on August 27, 2012, forfeiting said pistol, stating that notice was published in accordance with law. However, the "constructive" notice was by publication on the government internet. This gave no notice to Movant Douglas Thiriot who is the owner of said Colt pistol, whose name and address were readily available to the Government.

This motion is based on the points and authorities and Affidavits of Douglas P. Thiriot and Lane T. Thiriot attached hereto and made a part hereof.

DATED this __1__ day of August, 2013.

_____
Daniel Markoff, Esq.
Counsel for Movant
Douglas P. Thiriot

| | |
|---|---|
| 1 | POINTS AND AUTHORITIES |

Movant Douglas P. Thiriot is the lawful owner of the 1911 A1, .45 calabur Colt pistol, serial number 924292.

This pistol was stolen from Movant by Defendant DAVID THIRIOT, who happened to be Movant's son. As the record in this case show, Defendant THIRIOT plead guilty to unlawfully having said firearm in his possession. As a result of that change of plea on April 9, 2012, this Court entered a preliminary order of forfeiture pursuant to FRCRP 32.2(b)(1) and (2) and 18 USC § 924(d)(1) and 28 USC § 2461(c).

In this Court's Final Order of Forfeiture dated August 27, 2012, this Court made the specific finding that the notice of forfeiture was published in the government's internet forfeiture site from April 11, 2012 to May 10, 2012 supposedly notifying any third party of their right to petition this Court. The Court found no petitions were filed and therefore, forfeited the pistol.

As far as publication of constructive notice to third parties is concerned, that indeed was done. However, that is short of what the Rules require to be done when the owner of the property is reasonably known.

FRCRP 32.2(b)(6)(A) states,

"<u>Publishing and Sending Notice</u>.
If the Court orders the forfeiture of specific property, the government <u>must</u> published notice of the order <u>and send notice</u> to any person who <u>reasonably</u> appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceedings."

The Rule further provides that sometimes substitute property may qualify for the forfeiture.

1    The reason movant is claiming an interest in this
2 particular gun is because it belonged to his father, who brought it
3 home from World War II.  This particular piece of property,
4 therefore, has substantial family, historical and sentimental
5 value.  (See Exhibit A, Affidavit of Movant Douglas P. Thiriot and
6 Exhibit B, Affidavit of Lane T. Thiriot.)
7    It should be noted, as set forth in Exhibit A, that
8 Movant is a resident of Lincoln County, Nevada, and never received
9 any legal notice that this firearm was to be forfeited to the U.S.
10 government.  Yet, it should also be noted that the government had
11 information from police reports in this case that Douglas Thiriot
12 had an ownership interest in this firearm.  (See Exhibit C, Police
13 Report.)
14    Likewise, actual notice was given to the Las Vegas
15 Metropolitan Police Department that the family was interested in
16 the return of this family heirloom.  (See Exhibit D.)
17    Based on the foregoing, it is respectfully submitted that
18 the Final Order of Forfeiture was entered improperly and should,
19 therefore, be set aside to afford Movant his due process rights to
20 the property in question.
21    Alternatively, Movant proposes that in as much as a
22 forfeiture order has already been entered, and if this Court is not
23 inclined to entertain Movant's claim, that he be allowed to
24 . . .
25 . . .
26 . . .
27

substitute other property in exchange for the family heirloom as a compromise to further litigation.

DATED this ___1___ day of August, 2013.

Respectfully submitted,

_____
Daniel Markoff, Esq.
Counsel for Movant
Douglas P. Thiriot

**IT IS SO ORDERED**

Dated: September 13, 2013

_____
UNITED STATES DISTRICT JUDGE

5

| | |
|---|---|
| 1 | <u>CERTIFICATE OF SERVICE</u> |
| 2 | The undersigned hereby certifies that she is a person of |
| 3 | such age and discretion as to be competent to serve papers and is |
| 4 | not a party, nor interested in, the case herein. |
| 5 | That on August __5__, 2013, she served a copy of the |
| 6 | attached MOTION TO SET ASIDE FORFEITURE FOR FAILURE TO GIVE PROPER |
| 7 | NOTICE to the persons hereinafter named by utilizing the U.S. |
| 8 | District Court, District of Nevada, CM/ECF system: |
| 9 | Nicholas D. Dickinson, Esq. |
|   | Michael A. Humphrey, Esq. |
| 10 | United States Attorneys Office |
|   | 333 Las Vegas Blvd. So. |
| 11 | Las Vegas, NV 89101 |
|   | Attorney for United States of America |

*/s/ Connie Jones*
Connie Jones